UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: | ) Bankruptcy No. 08 B 33739 |
| | ) Chapter 7 |
| SUSAN GLENN HOPPER, | ) Judge John H. Squires |
| | ) |
| Debtor. | ) |
| | ) |

## MEMORANDUM OPINION

This matter comes before the Court on the motion of Susan Glenn Hopper (the "Debtor) to voluntarily dismiss her Chapter 7 case pursuant to 11 U.S.C. § 707(a) and on the objection of David R. Brown, the Chapter 7 case trustee (the "Trustee"). After the Court took this matter under advisement and a few days before issuance of this Opinion, the Debtor executed a waiver of her discharge subject to the dismissal of the case and payment of administrative expenses. On April 17, 2009, the Debtor and the Trustee consented to the dismissal of the case, and the Court entered an order of dismissal, but reserved issuance of this Opinion on the instant motion in order to explain its findings and conclusions. The Court finds that the Debtor does not have a right under § 707(a) to voluntarily dismiss her Chapter 7 case by merely alleging a lack of prejudice to her creditors over the Trustee's objection. The Debtor's voluntary waiver of discharge effectively reduces the prejudice to her creditors to only the attendant delay in the collection of their claims as a result of the automatic stay of 11 U.S.C. § 362.

-2-

## I. JURISDICTION AND PROCEDURE

The Court has jurisdiction to entertain this matter pursuant to 28 U.S.C. § 1334(a) and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) & (O).

## II. FACTS AND BACKGROUND

The Debtor owned and operated a home and garden store, as a sub-chapter S Illinois corporation, under the name of Susan Hopper Creations, Inc., d/b/a Flora & Fauna ("Flora & Fauna") in Geneva, Illinois. Over a period of six years, the Debtor alleges that she withdrew approximately $130,000 from her IRA accounts to pay the ordinary and necessary business expenses of Flora & Fauna and to pay personal expenses. The IRA withdrawals resulted in tax penalties for early withdrawal. The Debtor elected to close Flora & Fauna on September 30, 2008.

The Debtor filed a Chapter 7 bankruptcy petition, schedules, and a statement of financial affairs on December 10, 2008. The Trustee was thereafter appointed. The Debtor had not previously filed for relief under the Bankruptcy Code. According to the Debtor, prior to the filing, no judgments had been entered against her, no suits were pending, and none of her creditors had taken any action to collect their debts against her other than in the ordinary course of business. At the time of the bankruptcy filing, the Debtor was represented by counsel. The Debtor listed her personal residence at 1430 Saddleridge Place in Bartlett, Illinois as an asset on Schedule A and as property claimed as exempt on Schedule C. The Debtor's Schedules indicate the current market value of the property is $400,000 with a

secured claim in the amount of $260,929.45. On Schedule C an exemption on the property is claimed in the amount of $15,000. The Debtor alleges that of her $151,000 in scheduled unsecured debt, only $26,700 represents her personal obligation, in addition to the IRA penalty of $10,600 and liability to the Illinois Department of Revenue for sales tax of $4,100. The Debtor alleges that the scheduled debt of $24,400 on three credit cards held in her name and the remainder of the scheduled debt, approximately $84,400, is the responsibility of Flora & Fauna. The Debtor contemplates a separate Chapter 7 petition being filed on behalf of Flora & Fauna in order to liquidate its obligations. A creditors' meeting was held on January 20, 2009, at which time the Debtor appeared and testified. There are no pending objections to discharge, objections to the Debtor's claimed exemptions, or other contested matters in this case.

On March 6, 2009, the Debtor moved for voluntary dismissal of her Chapter 7 case and requested that the Trustee not execute a listing agreement for her residence until adjudication of her motion. The Debtor alleges that she filed for bankruptcy on the basis of a mistaken belief that her residence would be completely exempt. The Debtor argues that if she had been fully aware of the loss of her residence through the filing of the petition, she would not have filed the case. According to the Debtor, since the filing of the case, she has continued to pay the first mortgage and home equity line of credit on her residence. The Debtor alleges that since the filing of the petition, she has sought employment and contacted family members to provide loans in order to resume payment of her personal debt as contained in the Schedules. The Debtor seeks to satisfy her creditors outside of the

-4-

bankruptcy process.[1] The Trustee objects to the dismissal on the basis that a Chapter 7 debtor does not have an absolute right to dismiss the bankruptcy case. The Trustee argues that creditors will be prejudiced by the dismissal, and the sale of the Debtor's residence is the only way that creditors will be satisfied. The Debtor argues that her creditors will not be prejudiced by the dismissal because they will be returned to the status quo that they held before the bankruptcy filing.

### III. DISCUSSION

A Chapter 7 case can only be dismissed for "cause" under 11 U.S.C. § 707(a). *In re Watkins*, 229 B.R. 907, 908 (Bankr. N.D. Ill. 1999). A Chapter 7 debtor does not have an absolute statutory right to voluntarily dismiss a Chapter 7 bankruptcy petition like a Chapter 13 debtor has under 11 U.S.C. § 1307(b). Section 707(a) provides as follows:

> (a) The court may dismiss a case under this chapter only after notice and a hearing and only for cause, including–
> (1) unreasonable delay by the debtor that is prejudicial to creditors;
> (2) nonpayment of any fees and charges required under chapter 123 of title 28 [28 U.S.C. §§ 1911 et seq.]; and
> (3) failure of the debtor in a voluntary case to file, within fifteen days or such additional time as the court may allow after the filing of

---

[1] The Debtor also has the option to convert the case to Chapter 13 and pay the amount of equity in the house to unsecured creditors over three to five years. The Bankruptcy Code allows a debtor to convert a case from Chapter 7 to Chapter 11, 12, or 13 at any time as long as the case was not previously converted from another chapter. 11 U.S.C. § 706(a). A debtor's right to convert is absolute in the absence of extreme circumstances "amounting to bad faith, imposition on the Court's jurisdiction, abuse of process, or other gross inequity. . . ." *In re Spencer*, 137 B.R. 506, 514-15 (Bankr. N.D. Okla. 1992). Significantly, no such conversion was sought here by the Debtor.

-5-

> the petition commencing such case, the information required by paragraph (1) of section 521, but only on a motion by the United States trustee.

11 U.S.C. § 707(a). Thus, a debtor does not have an absolute right to dismiss a Chapter 7 case even if begun on a voluntary petition. *Turpen v. Eide (In re Turpen)*, 244 B.R. 431, 434 (B.A.P. 8th Cir. 2000); *Leach v. United States (In re Leach)*, 130 B.R. 855, 857 n.5 (B.A.P. 9th Cir. 1991); *Watkins*, 229 B.R. at 908; *In re Haney*, 241 B.R. 430, 432 (Bankr. E.D. Ark. 1999).

Although § 707(a) does not expressly refer to a voluntary dismissal by the debtor, courts routinely apply it to such a motion. *Schwartz v. Geltzer (In re Smith)*, 507 F.3d 64, 72 (2d Cir. 2007); *Turpen*, 244 B.R. at 434; *Watkins*, 229 B.R. at 909. Federal Rule of Bankruptcy Procedure 1017(a) mandates that a motion for dismissal by a debtor must be predicated on cause and may only be granted after notice and a hearing. FED. R. BANKR. P. 1017(a).

The three examples of cause in § 707(a) are illustrative rather than exhaustive, and courts are not confined to these examples in determining whether there is sufficient cause to justify dismissal. *Indus. Ins. Servs., Inc. v. Zick (In re Zick)*, 931 F.2d 1124, 1126 (6th Cir. 1991); *Watkins*, 229 B.R. at 908; *Kirby v. Spatz (In re Spatz)*, 221 B.R. 992, 994 (Bankr. M.D. Fla. 1998). The decision whether to grant a motion to dismiss a Chapter 7 case lies within the discretion of the bankruptcy court. *Peterson v. Atlas Supply Corp. (In re Atlas Supply Corp.)*, 857 F.2d 1061, 1063 (5th Cir. 1988); *Eastman v. Eastman (In re Eastman)*, 188 B.R. 621, 624 (B.A.P. 9th Cir. 1995); *Turpen*, 244 B.R. at 433. A Chapter 7 trustee has

standing to oppose a debtor's request for dismissal. *In re Stephenson*, 262 B.R. 871, 873 n.1 (Bankr. W.D. Okla. 2001); *Watkins*, 229 B.R. at 908.

In construing § 707(a), courts have refused to dismiss a Chapter 7 case where the dismissal would cause some plain legal prejudice to the creditors. *In re Higbee*, 58 B.R. 71, 72 (Bankr. C.D. Ill. 1986). "If dismissal would prejudice the creditors, then it will ordinarily be denied." *Atlas Supply*, 857 F.2d at 1063; *see also In re Harker*, 181 B.R. 326, 328 (Bankr. E.D. Tenn. 1995) ("[I]f creditors are prejudiced in any respect by the dismissal or if the trustee has acquired funds for distribution, a request by the debtor for dismissal will be denied."). Legal prejudice is found to exist where assets which would otherwise be available to creditors are lost because of the dismissal. *In re McCullough*, 229 B.R. 374, 376 (Bankr. E.D. Va. 1999); *Higbee*, 58 B.R. at 72. Delay in satisfying creditors' claims can be sufficient to preclude dismissal. *Turpen*, 244 B.R. at 435; *Watkins*, 229 B.R. at 909.

The debtor has the burden of proving cause for voluntary dismissal of the Chapter 7 petition. *Sicherman v. Cohara (In re Cohara)*, 324 B.R. 24, 28 (B.A.P. 6th Cir. 2005); *In re Jabarin*, 395 B.R. 330, 337 (Bankr. E.D. Pa. 2008). Even if the debtor can show cause, the court may deny the motion if there is a showing of prejudice to creditors. *Turpen*, 244 B.R. at 435. Thus, in order for a debtor's motion to dismiss to be granted, the debtor must show adequate "cause" per § 707(a) and that such dismissal will cause no prejudice to creditors.[2] *Id.* at 434-35. "Benefits to be derived by the debtor from such dismissal do not

---

[2] The Debtor urges the Court to adopt the test for voluntary dismissal set forth in *In re Geller*, which sets a lower threshold and provides that a request for voluntary dismissal should generally be granted "in all but extraordinary situations" unless a creditor shows that "plain legal prejudice" to creditors would result. 74 B.R. 685, 690 (Bankr. E.D. Pa. 1987).
(continued...)

constitute such cause, nor does debtor's right to convert to Chapter 13 of the Bankruptcy Code." *Watkins*, 229 B.R. at 909. Determining whether cause exists to dismiss a case requires a balancing of the interests of the debtor and the creditors. *Id.*; *see also Hickman v. Hana (In re Hickman)*, 384 B.R. 832, 841 (B.A.P. 9th Cir. 2008) (stating that "the totality of the circumstances" should be considered in evaluating cause for dismissal and plain legal prejudice). Courts have considered the following general factors when determining whether there is sufficient cause to justify dismissal: (1) whether dismissal is in the best interest of the debtor; (2) whether dismissal is in the best interest of the creditors; (3) whether dismissal would result in an abuse or manipulation of the system; and (4) whether dismissal is justified by compelling equitable principles. *See Watkins*, 229 B.R. at 909; *In re Schwartz*, 58 B.R. 923, 925-26 (Bankr. S.D.N.Y. 1986).

When ruling on a debtor's motion to dismiss, courts have also specifically considered:

> (1) whether all creditors have consented; (2) whether the debtor is acting in good faith; (3) whether the dismissal would result in a prejudicial delay in payment; (4) whether dismissal would result in a reordering of priorities; (5) whether there is

---

²(...continued)
The *Geller* case, which reviewed dismissal motions under both §§ 707 and 1112(b), has been criticized by courts in several subsequent decisions. *See Jabarin*, 395 B.R. at 340 n.18 (stating that the *Geller* plain legal prejudice test is "not consistent with the substantial body of case law that has developed under § 707(a) for assessing voluntary motions to dismiss chapter 7 bankruptcy cases. . . ."); *In re Mech. Maint., Inc.*, 128 B.R. 382, 388 (Bankr. E.D. Pa. 1991) (finding that the *Geller* court's interpretation requiring the creditor to demonstrate "plain legal prejudice" was in error). This Court declines to follow *Geller's* authority for the proposition that a debtor's request for a voluntary dismissal of the Chapter 7 case should be granted "in all but extraordinary situations." 74 B.R. at 690.

> another proceeding through which the payment of claims can be handled; and (6) whether an objection to discharge, an objection to exemptions, or a preference claim is pending.

*Turpen*, 244 B.R. at 434. "While these questions may inform the § 707(a) inquiry into whether 'cause' exists for voluntary dismissal, they are questions that are not best answered in the abstract. Rather, they should be resolved on a case-by-case basis in the context of the specific facts presented." *Jabarin*, 395 B.R. at 341. "In its simplest terms, the test turns on whether or not the dismissal is in the best interests of the debtor and the creditors of the estate, . . . with particular emphasis on whether the dismissal would be prejudicial to creditors." *In re Aupperle*, 352 B.R. 43, 46 (Bankr. D.N.J. 2005). "In deciding whether to exercise its discretion and grant a Chapter 7 debtor's motion to dismiss the debtor's case, the court's primary consideration is whether dismissal is in the best interest of the creditors and also if those interests will be protected outside bankruptcy." *In re Haque*, 256 B.R. 352, 354 (Bankr. D. Mass. 2000).

Courts are not impressed with complaints of attorney negligence, lack of representation, or errors in judgment by debtors when considering motions for voluntarily dismissal. *See In re Klein*, 39 B.R. 530 (Bankr. E.D.N.Y. 1984) (denying motion to dismiss even though debtor asserted he was not fully advised of the implications of commencing a bankruptcy case); *In re Martin*, 30 B.R. 24 (Bankr. E.D.N.C. 1983) (denying motion to dismiss because the debtor was represented by counsel despite her assertion that counsel failed to explain the effects of filing a bankruptcy petition); *In re Kimball*, 19 B.R. 300 (Bankr. D.Me. 1982) (denying motion to dismiss where debtors failed to read the petition which contained false information because they believed their attorney "would do nothing

Case 08-33739    Doc 24    Filed 04/22/09    Entered 04/22/09 16:03:01    Desc Main
            Document      Page 9 of 14

-9-

which wasn't right for them"); *In re St. Laurent*, 17 B.R. 768 (Bankr. D.Me. 1982) (denying motion to dismiss because mistaken belief by debtor and her counsel that she could retain all assets as exempt and receive discharge of all her dischargeable debts was not cause under § 707(a)).

Further, courts have held that the ability of the debtor to repay debts does not constitute adequate cause for dismissal under § 707(a). *Cohara*, 324 B.R. at 27; *Turpen*, 244 B.R. at 434; *In re Fulton*, 339 B.R 698, 701 (Bankr. N.D. Iowa 2006); *Spatz* 221 B.R. at 994. That position is based upon the House and Senate Reports on this provision which state:

> The section does not contemplate, however, that the ability of the debtor to repay his debts in whole or in part constitutes adequate cause for dismissal. To permit dismissal on that ground would be to enact a non-uniform mandatory chapter 13 in lieu of the remedy of bankruptcy.

H.R. REP. NO. 95-595, at 380 (1977), *as reprinted in* 1978 U.S.C.C.A.N. 5963, 6336; S.REP. NO. 95-989, at 94 (1978), *as reprinted in* 1978 U.S.C.C.A.N. 5787, 5880. Thus, "[i]t is well established and supported by the [l]egislative [h]istory that the fact that a debtor is willing and able to pay his debts outside of bankruptcy does not constitute adequate cause for dismissal under section 707(a)[.]" *Spatz*, 221 B.R. at 994.

Some courts have held that the legislative history of § 707(a) does not apply when it is the debtor, as opposed to the creditor or another party who seeks dismissal on the grounds of ability of the debtor to repay debts outside the bankruptcy process. *Smith*, 507 F.3d at 73; *Aupperle*, 352 B.R. at 47 ("[T]he entire excerpt [of legislative history] refers to circumstances justifying cause for involuntary dismissal sought by a party other than the

-10-

debtor."). However, as the Second Circuit noted in *Smith*, this does not mean that a debtor's ability to repay debts is per se grounds for dismissal; rather, the significance of the debtor's ability to pay is merely a part of the required inquiry into whether dismissal would be in the best interest of all parties in interest. 507 F.3d at 74.

To succeed on her motion, the Debtor must show cause and demonstrate why dismissal is justified. *See Turpen*, 244 B.R. at 434. The Debtor seeks to dismiss because of a mistaken belief that her residence would be completely exempt. The Debtor additionally claims to have the ability and intent to pay her creditors outside the context of the bankruptcy case. The Court does not find these arguments persuasive. First, the Debtor's mistaken belief that she could retain her residence and a receive a discharge of all her dischargeable debts does not constitute "cause" within the meaning of § 707(a). *See St. Laurent*, 17 B.R. at 770. "Having voluntarily submitted herself and her assets to the jurisdiction of the Bankruptcy Court, the [Debtor's] regret over that decision . . . does not constitute 'cause' justifying dismissal of her case." *In re Taylor*, No. 01-84995, 2002 WL 32001700, at *2 (Bankr. C.D. Ill. Mar. 27, 2002).

Second, the ability of the Debtor to pay her debts does not constitute cause for dismissal. *See Cohara*, 324 B.R. at 27. The Debtor filed for bankruptcy relief because she was unable to pay her debts. The Debtor's Schedules do not show that she has the ability to pay her debts outside of bankruptcy. Significantly, this is not a case where the Debtor has established an additional source of income to assist with her debts. *See Aupperle*, 352 B.R. at 46, 48 (finding sufficient cause to warrant dismissal where it was the debtor's first bankruptcy filing, there were no pre-petition collection efforts, the debtor was unaware that

-11-

she might lose her residence through the Chapter 7 bankruptcy filing, the debtor had established an additional source of income to assist with her debts, and there was an insufficient basis in the record to conclude that creditors would be prejudiced by the dismissal). It is not at all clear that any sources of funding alleged by the Debtor (i.e., family gifts) will allow her to pay her debts outside of bankruptcy. The Debtor's allegations that she has "sought employment" and "contacted family members" are not reliable evidence of any additional income or a change in her circumstances. The Debtor has not presented a concrete or viable plan for paying her creditors outside of bankruptcy. *See Cohara*, 324 B.R. at 29 (reversing the bankruptcy court's decision granting the motion to dismiss where debtor failed to present a detailed plan concerning how she would use her non-exempt settlement annuity to pay creditors outside of bankruptcy).

Finally, the Debtor's reasons for dismissal do not outweigh the prejudice that would result to her creditors. The Debtor, citing the case *In re Hull*, 339 B.R. 304 (Bankr. E.D.N.Y. 2006), argues that creditors are generally not prejudiced by dismissal because they will no longer be stayed from resorting to the state courts to enforce and realize upon their claims. *Id.* at 309. *Hull* involved a pro se debtor who had a potential personal injury claim that she had not scheduled as an asset. *Id.* at 306. The potential claim was the bankruptcy estate's only asset and if successful may have provided a distribution to the debtor's creditors. *Id.* However, the value of the claim had not been determined and it was unknown whether an action on the claim had been commenced. *Id.* at 309. The debtor also had concerns for her personal safety which required her to relocate outside the district. *Id.* at 308. The court considered the "reasonable pre-petition legal expectations and entitlements of a debtor's

-12-

creditors" and found that under the circumstances, the interests of the creditors would not be prejudiced by dismissal despite the loss of an opportunity to receive a distribution that only existed because of the bankruptcy process. *Id.* at 309.

In this case, the Debtor's residence was not an unscheduled, speculative asset. The value of the property was listed, and the Debtor was represented by counsel at the time the petition was filed. The Trustee's arguments and objections are based on the "reasonable pre-petition legal expectations and entitlements" of the Debtor's creditors. *See id.* It is the perceived non-exempt portion of the equity in the Debtor's residence that the Trustee seeks to realize through a sale and pay the creditors' allowed claims.

According to the Debtor, if the case is dismissed and each creditor obtained a judgment against her, which later would result in liens against her residence, each creditor may be satisfied in full from a sale of the property outside of the bankruptcy process. Here, however, the sale of the Debtor's residence outside of the bankruptcy process is not guaranteed to occur. There is no assurance that if a sale occurs, the proceeds will be used for the benefit of the Debtor's unsecured creditors. If a dismissal is granted, the Debtor will remain subject to all creditors' individual collection remedies that exist under nonbankruptcy law. This may result in a reordering of priorities or delays in payments. This is not cause to dismiss the case, but is grounds for retaining jurisdiction so the creditors may be assured of an equitable distribution of the Debtor's assets. *See In re Baumgarten*, 154 B.R. 66, 69 (Bankr. S.D. Ohio 1993). One consummated sale by the Trustee using the bankruptcy process is certainly more efficient than multiple separate creditor execution sales.

-13-

"Absent court oversight of payment [of creditors by the debtor], creditors are prejudiced. They bear the risk of not being paid, a very unlikely risk in a chapter 7 case. The method for insuring payment of creditors out of any non-exempt portion of the estate's assets is through administration under the trustee system." *Fulton*, 339 B.R. at 701; *see also In re Cink*, No. 06-40019, 2007 WL 601585, at *3 (Bankr. D.S.D. Feb. 21, 2007) (stating that creditors are "entitled to full payment of their allowed claims to the extent estate funds are available. Anything less is prejudicial to creditors. The statutory duty to insure an appropriate distribution lies with Trustee. . . ."). The Debtor's creditors will be prejudiced by dismissal of this case, and they have already been stayed in their collection remedies via 11 U.S.C. § 362(a). The Debtor has limited income and resources and there is no guarantee that creditors will receive payment outside of the bankruptcy process. The Debtor's vow to pay her creditors in the future does not dispel such prejudice. *See Turpen*, 244 B.R. at 434.

Moreover, the Debtor's desire to save the equity in her home to the detriment of her creditors is not grounds for a voluntary dismissal. *Maixner v. Surratt-States (In re Maixner)*, 288 B.R. 815, 818 (B.A.P 8th Cir. 2003). The Trustee's proposed sale of the Debtor's residence appears to represent the creditors' best opportunity for obtaining satisfaction of their claims. The cause asserted by the Debtor for dismissing her case is the fear that she will lose her residence if the case is not dismissed and the Trustee is permitted to pursue the sale of the property. She is only entitled to her homestead exemption, not the residence itself, which is part of the bankruptcy estate under 11 U.S.C. § 541. It is the equity that may be realized from the potential sale of the residence, after satisfaction of the homestead exemption claim and unavoidable liens encumbering the residence, with which the Trustee

-14-

seeks to pay administrative priority and other allowed unsecured claims. *See In re Szekely*, 936 F.2d 897 (7th Cir. 1991). The Debtor seeks to terminate the potential bankruptcy administration of the estate's assets, but she has not presented any credible source for paying her creditors outside of bankruptcy. In these circumstances, the balance of competing interests tips in favor of the creditors. *See Jabarin*, 395 B.R. at 343.

## IV. CONCLUSION

For the foregoing reasons, the Debtor's motion is insufficient in light of the Trustee's objection. However, she has waived her discharge and the Trustee has consented to the dismissal of the case on the condition of payment of the agreed administrative expenses.

This Opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.

**ENTERED:**

DATE: 4/22/9

John H. Squires
United States Bankruptcy Judge

cc: See attached Service List